83 F.3d 424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Curtis HENDERSON, Plaintiff-Appellant,
v.
James A. CHRANS, et al., Defendants-Appellees.
 No. 95-1335.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1996.*
Decided April 17, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On January 17, 1991, inmate Curtis Henderson filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants, various officials of the Illinois Department of Corrections, had conspired to deprive him of due process in connection with a number of prison disciplinary hearings. The district court granted Henderson leave to proceed in forma pauperis on April 8, 1992, and directed the United States Marshals Service to serve the defendants with process at Henderson's direction. Only one of the eight defendants, James Chrans, was actually served. Meanwhile, the marshals served several other employees of the Department of Corrections and attempted service on one more, none of whom had been named in the complaint.
 
 
 2
 At a status hearing on October 6, 1992, the district court granted Chrans's oral motion to quash service on the individuals who had been served but not named in the complaint. On January 5, 1993, the court also dismissed the claims against the named defendants who had not been served. Fed.R.Civ.P. 4(m) (formerly Fed.R.Civ.P. 4(j)). On December 19, 1994, the court granted summary judgment in favor of Chrans, the sole remaining defendant, and reiterated the dismissal of the claims against the unserved named defendants. Henderson submitted a motion to vacate within ten days of the entry of judgment, which the court denied. This timely appeal followed.
 
 
 3
 Despite the prolonged procedural history of this case, the issue on appeal is simple: Due to Henderson's error, all but one of the defendants were never served with process. Henderson concedes that he caused the United States Marshals Service to serve "other defendants in other complaintf [sic] with summons ment [sic] for the defendants listed in the [present] complaint." In other words, he confused the defendants in the present action with defendants he had named in unrelated separate actions and requested service of the present complaint on the latter individuals. Although the Marshals Service is required to serve process on behalf of individuals proceeding in forma pauperis, 28 U.S.C. § 1915(c); Fed.R.Civ.P. 4(c)(2), it is still the plaintiff's responsibility to provide accurate information. See Sellers v. United States, 902 F.2d 598 (7th Cir.1990). Henderson did not do so, and his contention that Chrans should have notified him of his error is meritless. Thus he lacked good cause for his failure to serve the defendants and dismissal was proper under Federal Rule of Civil Procedure 4(m). Finally, Henderson has waived any challenges he may have to the grant of summary judgment to Chrans. Fed.R.App.P. 28(a)(6).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record